**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| WETHERILL ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MOUNTAIN POWER SYSTEMS, INC., <br><br> Defendant. | **Case No. 1:25-cv-859** <br><br> **COMPLAINT** <br><br> **(Jury Trial Demanded)** |

Plaintiff Wetherill Associates, Inc. ("WAI"), by and through its undersigned counsel, and complaining of Defendant Mountain Power Systems, Inc. ("Mountain "Power") alleges and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. WAI is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Broward County, Florida. WAI is, and at all relevant times was, engaged in the business of selling automotive parts in North Carolina.

2. Mountain Power is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in Chatham County, North Carolina.

3. This Court has personal jurisdiction over Mountain Power because it is incorporated in North Carolina, maintains its principal place of business in North Carolina, and regularly conducts business within North Carolina.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2) because Mountain Power, the sole defendant, resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

**FACTS**

6. WAI is a manufacturer and supplier of alternators, starters, and other electrical solutions for the automotive, heavy-duty, agricultural, powersport, and marine industries.

7. Mountain Power is an automobile parts distributor with its principal place of business in North Carolina.

8. In the ordinary course of business, Mountain Power regularly purchased automotive parts and related products from WAI.

9. Mountain Power placed orders with WAI, generally via electronic mail, specifying the type and quantity of goods ordered.

10. Upon receipt of such orders, WAI shipped the requested goods to Mountain Power and issued a written invoice confirming the order and payment due.

11. Upon delivery, Mountain Power accepted the goods from WAI, retained them for resale and use in its business operations, and at no time rejected or returned any of the products at issue.

2

12. Mountain Power maintained an open credit account with WAI, under which goods were provided on credit terms in exchange for Mountain Power's agreement to remit payment for all products ordered and delivered.

13. Over the course of the parties' dealings, Mountain Power placed numerous written orders with WAI, each of which was accepted and filled. WAI issued written invoices documenting the orders and setting forth the payment due for the goods ordered, shipped, and received.

14. WAI fulfilled its obligations by shipping conforming goods to Mountain Power, who accepted and retained those goods without objection.

15. Despite WAI's deliveries of goods and invoicing for goods received, Mountain Power has failed and refused to make payment for goods received and accepted. Mountain Power's failure to remit payment after accepting and retaining the goods, and after demand by WAI, constitutes a material breach of contract.

16. Mountain Power has acknowledged and admitted that the debt to WAI is valid and remains unpaid.

17. As of the date of this filing, Mountain Power owes WAI the unpaid contract price of the goods sold in the amount of $1,875,666.51. A true and correct verified statement of account is attached hereto as **Exhibit 1**.

<u>**COUNT I.**</u>
<u>**BREACH OF CONTRACT**</u>

18. WAI realleges all preceding paragraphs as if fully restated verbatim herein.

3

19. Mountain Power formed one or more valid and binding contracts with WAI when it purchased automotive parts and related products from WAI.

20. WAI fully performed its obligations under such contracts by making delivery of the goods ordered and issuing written invoices for payment due.

21. Upon delivery, Mountain Power accepted the goods from WAI, retained them for resale and use in its business operations, and at no time rejected or returned any of the products at issue.

22. After accepting the goods, Mountain Power failed to pay WAI the contract price for the goods ordered without any reasonable justification.

23. Mountain Power's failure to pay WAI constitutes a material breach of the parties' contract(s).

24. As a direct and proximate consequence of Mountain Power's breach(es) WAI has incurred significant monetary damages.

25. Accordingly, WAI is entitled to recover from Mountain Power the contract price for the goods sold, its incidental damages, prejudgment interest, post judgment interest, and all other available damages or remedies.

## COUNT II.
## UNJUST ENRICHMENT

### (In the Alternative)

26. WAI realleges all preceding paragraphs as if fully restated verbatim herein.

27. WAI conferred a benefit upon Mountain Power; namely, automotive parts.

28. Mountain Power accepted the automotive parts and related products without objection.

29. Mountain Power was enriched as a result of the aforesaid benefit.

30. The benefit conferred upon Mountain Power by WAI was neither officious nor gratuitous but was provided with the reasonable expectation of payment.

31. It would be unjust to allow Mountain Power to retain this benefit without compensating WAI.

32. Accordingly, WAI seeks judgment against Mountain Power for the reasonable value of WAI goods and performance in an amount to be determined at trial, and for such other, further and different relief as this Court deems just and proper.

### PRAYER FOR RELIEF

**WHEREFORE**, WAI respectfully requests that the Court award WAI the following relief:

a) That a trial by jury be had on all issues so triable;

b) That judgment be entered against Mountain Power and in favor of WAI for the unpaid contract price of the goods sold;

c) That WAI be awarded its incidental, consequential, and other damages attributable to Mountain Power's failure to pay;

d) That WAI be awarded pre-judgment and post-judgment interest; and

e) For such other, further and different relief as this Court deems just and proper.

5

Respectfully submitted this 18th day of September, 2025.

CAMPBELL TEAGUE LLC

/s/ *John-Paul Baum*
John-Paul Baum* (SC Bar #104938)
Emily O'Brian*
110 Edgeworth St.
Greenville, SC 29607
PH:  (864) 326-4186
johnpaul@campbellteague.com
Attorney for Wetherill Associates, Inc.
*Local Civil Rule 83.1(d) Notice of Special*
*Appearance Forthcoming*

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.

/s/ *John E. Harris*
John E. Harris
N.C. Bar No. 49253
P.O. Box 2611
Raleigh, North Carolina 27602-2611
Telephone:  (919) 821-1220
Facsimile:   (919) 821-6800
Email:  jharris@smithlaw.com
*Local Civil Rule 83.1(d) Counsel*

*Attorneys for Plaintiff*

6